Green, Judge,
delivered the opinion:
The facts in the case are not in dispute and are conceded by counsel for defendant to be as stated in the findings. 'They show that on July 1, 1923, when this claim begins, '.plaintiff’s mother was eighty-three years of age and an invalid suffering from broken hips and cancer. She died on Feb.ruary 28, 1930. It is manifest that during this period she was a helpless invalid in need of much medical attention and personal care. She owned no personal property and her only income was $6.00 a month from a parcel of real estate evidently not of any considerable value, and this rent was used to pay taxes and repairs on the property. Her board and lodging cost $45.00 a month, which, considering the care she required, must be recognized as a minimum amount for that purpose. From July 1, 1923, through 1925, plaintiff contributed $60.00 a month to his mother for her support. During the years 1926 and 1927, his contribution was increased to $80.00 a month in order to provide for proper medical treatment for the cancer with which his mother was afflicted. From 1928 until her death plaintiff regularly contributed $100.00 a month to his mother’s support. Plaintiff had several brothers and sisters but none of them contributed anything to his mother’s support and there is no evidence that any of them could have done so had they desired. Without going further it is quite evident that plaintiff was *697 the chief support of his mother who was dependent upon him during the period involved in the case. In fact no contention is made by the attorneys for the defendant to the contrary, and under the statute (act of June 10, 1922, 42 Stat. 625, as amended by the act of May 31, 1924, 43 Stat. 250), if plaintiff was the chief support of a dependent mother he was entitled to the allowance for which he sues.
Another question involved in the case is as to whether some of the claim was barred by the statute of limitations. It is true that part of the period for which recovery is sought is not within the limits of the statute. Plaintiff - received from the Government an allowance for that period but was subsequently compelled to refund the amount so received to the Government. The first payment on this refund was made by him on March 31, 1925, and up to that date he had no cause for action, having theretofore been fully paid by the Government. The action was commenced less than six years from the date last named and the statute of limitations therefore does not apply.
The plaintiff being entitled to recover, the statute before referred to fixes the amount of the allowance to which he is entitled for the period in question at $6,006.69, for which judgment will be rendered accordingly.
Williams, Judge; LittletoN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, took no part in the decision of this case, on account of illness.